The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order, except for a clarification of the Evidentiary Ruling raised on Line 11 of Page 38 of the William M. Tyson, Ph.D. deposition.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. This matter is subject to the North Carolina Tort Claims Act and the Industrial Commission has jurisdiction in this matter.
2. All parties have been correctly designated and there is no question as to misjoinder of parties.
3. Plaintiffs medical records consisting of 461 pages were stipulated into evidence as Stipulated Exhibit 1.
4. A Position Description Form for a Staff Psychologist II was stipulated into evidence as Stipulated Exhibit 2.
5. The deposition of William M. Tyson, P.h.D. is made a part of the evidentiary record in this case and objections contained therein are ruled upon below.
6. The issues are: (i) whether Herbert Piper, an employee of North Carolina Division of Mental Health, Mental Retardation and Substance Abuse Services, was negligent in his treatment of Douglas J. Mills; (ii) whether plaintiffs damages were proximately caused as result of negligence caused by Herbert Piper, an employee of North Carolina Division of Mental Health, Mental Retardation and Substance Abuse Services; and (iii) what amount, if any is the plaintiff entitled to recover for damages against the North Carolina Division of Mental Health, Mental Retardation and Substance Abuse Services?
 *********** EVIDENTIARY RULINGS
The objection raised on Line 8 of Page 31 of the deposition of William M. Tyson, Ph.D., is SUSTAINED.
The objection raised on Line 25 of Page 34 continuing through Line 2 of page 35 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 16 of Page 36 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 5 of Page 37 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 11 of Page 38 of the William M. Tyson, Ph.D. deposition, appears to be with regard to Plaintiffs Exhibit 3 and is SUSTAINED. Plaintiff Exhibit 3 is EXCLUDED. However, any objections to Plaintiffs Exhibit 2 are irrelevant in that it had previously been stipulated into evidence by the parties in the 461 page medical records packet under Tab #9.
The objection raised on Line 20 of Page 38 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 17 of Page 39 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 12 of Page 40 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 21 of Page 40 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 6 of Page 41 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 13 of Page 41 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 10 of Page 41 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 22 of Page 42 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 12 of Page 43 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 21 of Page 46 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 16 of Page 47 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 14 of Page 50 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 13 of Page 52 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 2 of Page 53 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 7 of Page 53 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 22 of Page 53 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 5 of Page 54 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
The objection raised on Line 11 of Page 54 of the William M. Tyson, Ph.D. deposition, is SUSTAINED. Plaintiff Exhibit 3 is EXCLUDED.
The objection raised on Line 23 of Page 54 of the William M. Tyson, Ph.D. deposition, is SUSTAINED.
All other objections raised in the deposition of William M. Tyson, Ph.D. are OVERRULED.
 ***********
The Full Commission adopts, with minor modifications, the findings of fact found by the Deputy Commissioner and the Full Commission finds as follows:
 FINDINGS OF FACT
1. Broughton Hospital employed Herbert Piper, M.A. who provided psychological services to psychiatric patients within the Adult Admissions Division as part of a multidisciplinary treatment team.
2. Plaintiff was admitted to Broughton Hospital on July 8, 1997 on involuntary commitment by V. S. Sethi, M.D. at Charter Pines Behavioral Health System in Charlotte.
3. On June 24, 1997, plaintiff had requested a voluntary commitment to Union Regional Medical Center because of suicidal ideas. After a mental health evaluation, a mental health clinician petitioned for involuntary commitment because plaintiff had attempted suicide five (5) years before by taking an overdose of pills. Plaintiff was very depressed at the time of the evaluation and plaintiff was talking of suicide.
4. Plaintiff was committed to Charter Pines where records indicate that a twenty-two (22) year old friend with whom plaintiff had been living had died two (2) months previously and he had to begun to live with another man. Plaintiff and the other man, Adam, had broken up the day before plaintiffs admission and plaintiff had become suicidal. Plaintiff planned to overdose or shoot himself.
5. Plaintiff indicated to Charter Pines he had mood swings all of his life, plaintiff had become HIV positive at age twenty-one (21) through his homosexual contact and he had four (4) partners during his life. Plaintiff had been previously treated by Duke University Hospital, Presbyterian Hospital and Charter Pines.
6. Plaintiff proved to be very manipulative, demanding and dishonest with the staff at Charter Pines. Plaintiff created problems with other patients and became verbally abusive to the staff.
7. During his evaluation at Charter Pines, Dr. Sethis diagnosis included bipolar affective disorder, depressed phase, adjustment disorder with depressed mood, possible HIV dementia, relationship problems and a passive/aggressive personality disorder.
8. Plaintiff was discharged from Charter Pines on July 4, 1997. Prior to his release, plaintiff had made arrangements to live with a friend and had been found to not be suicidal or homicidal.
9. However, plaintiff returned to Charter Pines on July 8, 1997 claiming to be suicidal and Dr. Sethi initiated the involuntary commitment to Broughton Hospital.
10. Plaintiff was taken to Broughton Hospital under custody of a law enforcement officer. Plaintiff arrived at Broughton Hospital at approximately 8 p.m. on July 8, 1997 with a sheriffs deputy. Plaintiff had been very combative and verbally abusive with the deputy. Plaintiff was physically threatening to the deputy and the Broughton Hospital examining physician, Travis L. Anderson, M.D. Plaintiff had attempted to stab the transporting officer with a pencil.
11. Dr. Anderson and R. E. Huffman, M.D., evaluated plaintiff and recommended inpatient commitment.
12. Plaintiff denied all allegations in the commitment petition. Plaintiff contended the physician at Charter Pines had sent him in error and lied about him. Plaintiff did indicate he had long-time depression and had made suicidal statements at Charter Pines. Plaintiff denied any actual suicide ideations or threats. Plaintiff was assigned two (2) physicians, registered nurses, health care technicians, a social worker, a physicians assistant and a psychologist to treat him.
13. After admission, plaintiffs anger dissipated and he made no suicidal threats or gestures. Plaintiff presented no managerial problems to the hospital staff.
14. Plaintiff did request to file a grievance against the transporting officer for violating his civil rights.
15. Plaintiff was discharged from the hospital by Dr. Huffman on July 11, 1997, at 11:15 a.m. Plaintiffs social worker understood plaintiff would reside with a friend until he would be able to enter residential care for HIV patients within two (2) weeks. Plaintiff was expected to reside at 5500 Weloia Lake Road in Charlotte, North Carolina. An appointment with Mecklenburg County Mental Health Center was scheduled three (3) days later on July 14, 1997. Plaintiff was given a ten (10) day supply of Valium and a fourteen (14) day supply of his other medications.
16. Plaintiff has a long-standing history of psychiatric problems and substance abuse.
17. Plaintiff has provided incomplete and contradictory information regarding his past history to staff at various treatment centers as well as in testifying at the time of the hearing before the Deputy Commissioner.
18. Plaintiffs father indicated plaintiff has always had behavioral problems and long standing problems of blaming others for his circumstances, failure to take responsibility for his actions and for being truthful.
19. Plaintiffs accounting of his medical history and his behavior are contradicted by the medical records in this case.
20. Plaintiff contradicted himself concerning the alleged incidents regarding Mr. Piper, reasons for his admission to Broughton Hospital, and his release.
21. Plaintiffs testimony is not credible based upon the Deputy Commissioners findings regarding plaintiffs testimony and demeanor, which the Full Commission adopts, and based upon other credible evidence of record.
22. Plaintiff has failed to prove by the greater weight of evidence that defendant had any notice as to any negligence relating to the care of plaintiff.
23. Plaintiff has failed to show he has sustained any damages.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. There was no negligence on the part of any named agent of the State while acting within the scope of his office, employment, service, agency or authority, which proximately caused plaintiff any injury. N.C.G.S.143-291 et seq.
2. Plaintiff is entitled to no damages. N.C.G.S. 143-291 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the ___ day of January 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER